IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:06-cv-316 |
| SOUTHEASTERN MOBILE DIAGNOSTICS, INC., and HAROLD WATSON, | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the court on the plaintiff's motion for summary judgment as to defendant Harold Watson [doc. 17]. The defendant has not responded to the motion, and the motion is ripe for the court's consideration. For the reasons stated below, the motion will be granted.

In her complaint, the Secretary contends that defendant Southeastern Mobile Diagnostics, Inc. ("Southeastern") does business in Knoxville, Tennessee, and elsewhere including North Carolina, sometimes under the name Quality Mobile Medical Services. Southeastern is alleged to have engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A). The Secretary further alleges that defendant Watson acted directly and indirectly in

the interest of Southeastern in relation to its employees, and the defendants failed to pay the employees a minimal hourly wage and overtime. In her complaint, the Secretary seeks an injunction and back wages, but has abandoned her request for back wages because both defendants have filed bankruptcy.

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment may be granted, "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." If an adverse party does not respond, summary judgment may be granted "if appropriate." Summary judgment cannot be granted simply because the adverse party has not responded. *See Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). "The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." *Id.* (quoting *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991)). The moving party always has the burden of demonstrating the absence of a genuine issue of material fact, regardless if an adverse party fails to respond. *Carver*, 946 F.2d at 454-55. The defendant meets this burden if he shows that there is an absence of evidence to support the plaintiffs' case. *See Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). The defendant may challenge

the sufficiency of the plaintiffs' allegations, or present evidence that refutes the allegations.  *Id.*

The only facts before the court are found in the declaration of Kenneth Barlow, investigator for the United States Department of Labor, Wage and Hour Division.  He states, in relevant part:

> 1.  In my official capacity and pursuant to my official duties, I personally made an investigation under the Fair Labor Standards Act of Southeastern Mobile Diagnostics, Inc., which was owned and operated by Harold Watson.  My investigation covered the period from the workweeks ending February 12, 2006 through March 5, 2006.
> 2.  As part of my investigation, I calculated the back wages owed to the employees.  I based my calculations on the defendant's records and the interview statements provided by employees.
> . . . .
> 4.  The total amount of backwages due is $50,934.09
> . . ..

Doc. 18, exh. "A."

The Secretary argues in her motion for summary judgment that defendant Watson had a duty as an employer engaged in commerce to pay each of his employees at least the minimum wage (29 U.S.C. § 206),[1] and to pay them

---

[1] Section 206 provides, in relevant part: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages . . .."  29 U.S.C. § 206.

overtime if they work in excess of forty hours (29 U.S.C. § 207(a)(1)).[2]  Based on the declaration of investigator Barlow, from February 12, 2006, to March 5, 2006, the defendants were in violation of both § 206 and § 207(a)(1), and the Secretary is entitled to a judgment as a matter of law.

The Secretary seeks injunctive relief, that is, she seeks to enjoin all future violations of the Fair Labor Standards Act.  *See* 29 U.S.C. § 217.  The Secretary points out that the effect of an injunction is merely to require the employer to do what the law already requires him to do.  *See Martin v. Funtime, Inc.*, 963 F2d 110, 114 (6th Cir. 1992).  Prospective injunctions place the cost of noncompliance on the employer, reducing the Department of Labor's responsibility for investigating compliance.  *Id.*  One of the factors the court should consider is whether the violations are likely to reoccur in the future.  *Id.*  In this case, the only evidence related to future occurrences is a statement in a letter he sent to counsel for the Secretary where he says that he "has no prospects for opening any business in the future." Doc. 13.  In the court's opinion, this statement is not sufficient to assure that defendant Watson will not open another business or that he will not violate wage and labor laws.  The court finds that an injunction against future minimum wage and overtime violations should be issued.  The Secretary also seeks an injunction preventing future

---

[2] Section 207(a)(1) provides, in relevant part: "[N]o employer shall employ any of his employees, who in any workweek is engaged in commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).

record keeping violations, but there is nothing in the record demonstrating that the defendants' record keeping was not in compliance with the law.

One other matter requires the court's consideration. After he was served with process on August 10, 2007, defendant Watson wrote a letter to counsel for the Secretary complaining that the issues in this lawsuit could have been considered in his bankruptcy case if the plaintiff had timely served him with process. Doc. 13. He suggests that the case should be dismissed.

This civil action was filed on August 20, 2006, but this court granted the Secretary three extensions of time to effect service of process on defendant Watson. He was finally served with the complaint on August 10, 2007. In her motions for extensions of time to serve process, the Secretary set forth the efforts that had been made to find defendant Watson, which were unavailing. Although defendant Watson states in his letter that he has lived at the same address for fifteen years, the Secretary stated in her "Third Motion for an Extension of Time" [doc. 10] that she finally had to hire a private investigator to find Watson after he allegedly moved to North Carolina and then back to Tennessee. The court finds that the extensions of time to serve process were properly granted, and defendant Watson was timely served as provided in Rule 4 of the Federal Rules of Civil Procedure.

Therefore, the court finds that the plaintiff is entitled to judgment as a matter of law on the claims against defendant Watson, and an injunction

record keeping violations, but there is nothing in the record demonstrating that the defendants' record keeping was not in compliance with the law.

One other matter requires the court's consideration. After he was served with process on August 10, 2007, defendant Watson wrote a letter to counsel for the Secretary complaining that the issues in this lawsuit could have been considered in his bankruptcy case if the plaintiff had timely served him with process. Doc. 13. He suggests that the case should be dismissed.

This civil action was filed on August 20, 2006, but this court granted the Secretary three extensions of time to effect service of process on defendant Watson. He was finally served with the complaint on August 10, 2007. In her motions for extensions of time to serve process, the Secretary set forth the efforts that had been made to find defendant Watson, which were unavailing. Although defendant Watson states in his letter that he has lived at the same address for fifteen years, the Secretary stated in her "Third Motion for an Extension of Time" [doc. 10] that she finally had to hire a private investigator to find Watson after he allegedly moved to North Carolina and then back to Tennessee. The court finds that the extensions of time to serve process were properly granted, and defendant Watson was timely served as provided in Rule 4 of the Federal Rules of Civil Procedure.

Therefore, the court finds that the plaintiff is entitled to judgment as a matter of law on the claims against defendant Watson, and an injunction

prohibiting future minimum wage and overtime violations shall be entered.  An Order reflecting this opinion will be entered.

ENTER:

<u>     *s/ Leon Jordan*     </u>
United States District Judge